UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John F. Green, #60678, | ) | C/A No. 4:10-3059-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| James R. Metts (Lexington County Detention Center); | ) | |
| Lexington County Detention Center; | ) | |
| and Correctional Officer Scott, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, John F. Green, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Lexington County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants violated his constitutional rights, and they acted negligently which caused Plaintiff to be attacked and injured by someone with a razor blade. Plaintiff seeks money damages and certain injunctive relief. This action should be dismissed for failure to state a claim on which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on October 24, 2010, Defendant Scott was on duty and involved in handing out razors for detainees to use for shaving. A razor went missing allegedly because Defendant Scott was not following correct procedure. Plaintiff alleges the correct procedure was that Scott "was to have a list of every inmate who received a razor, and once they were finished with the razor it should have been properly inspected to assure the blade was still intact. Once inspected, and everything was okay, the razor should have been disposed of, and the person who used the razor[s] name gets [struck] off the list, and then the next inmate receives one." Plaintiff alleges that, once Defendant Scott established that a razor was taken, he locked down the wing to perform a shake down with the help of several other officers. Plaintiff alleges that a thorough shake down was not performed because the officers should have used a metal detector or locked the wing down until the razor was recovered. Defendant Scott allegedly performed a "light shake down" due to his "diminutive professional work ethic." Plaintiff alleges that each of the correctional officers are employed by Defendant Metts.

Plaintiff alleges that approximately one month later, on November 26, 2010, he was "slash[ed] down my back with a very sharp unknown object" which Plaintiff then learned was a razor blade. It appears that Plaintiff does not know who attacked him. Plaintiff alleges that after the attack he was placed in a wheel chair and taken to medical. Allegedly, Nurse Betty cleaned his wound and put ointment on it. However, Plaintiff asserts that a nurse failed to take certain

precautions, such as testing him for diseases and giving him a tetanus shot. Plaintiff alleges that he was placed in a holding cell on lock-up for two days in untenable conditions after he was the victim. For example, he alleges that three people were in a one-man room, he could not use a telephone to call his family or lawyer, he had to lay on the floor, there was no fire sprinklers, and the lights were kept on day and night. Thereafter, Plaintiff allegedly was taken to protective custody where he was not able to use the telephone.

Plaintiff seeks money damages to compensate him for his pain and suffering and his permanent 18-inch long scar on his back. Plaintiff sues Defendant Scott because he could have lost his life due to Scott's negligence when the razor went missing. Plaintiff alleges that his wound was not treated properly by the nurse. Also, Plaintiff alleges that after he was injured as a victim Defendants unfairly punished Plaintiff and deprived him of his rights. Plaintiff seeks damages from Defendant Metts and Defendant Lexington County Detention Center because they are "responsible for my safety and well being while I'm housed in this facility." Plaintiff alleges that he brings suit against Defendants Metts because he employed negligent and careless staff. Plaintiff also requests that Defendant Scott lose his job as a correctional officer.

## Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In his Complaint, Plaintiff states that there is a prison grievance procedure in the Lexington County Detention Center and that he did file grievances concerning his claims. Plaintiff also admits that he had not received a final institutional answer as

of the date he completed the Complaint. The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate. *See Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (*In forma pauperis* proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation."). In this case, it is clearly apparent from the face of the Complaint that Plaintiff did not wait to receive an answer to his grievances before he filed the Complaint. Therefore, based on the face of the Complaint the action should be summarily dismissed without prejudice for the additional reason of failure to exhaust administrative remedies.

Alternatively, the case should be dismissed on substantive grounds as discussed below.

This Complaint[2] is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." Defendant "Lexington County Detention Center" is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Plaintiff failed to allege a cognizable § 1983 claim against Defendant Lexington County Detention Center.

Plaintiff sues Defendant Scott alleging he did not follow proper protocol when dispensing razors to inmates and did not perform an adequate recovery effort when it was discovered that a razor was missing. Plaintiff alleges negligent conduct by Defendant Scott insufficient to be

---

[2] This Court's reference to the Complaint refers to Plaintiff's Complaint and Amended Complaint, which have been incorporated into one pleading.

cognizable under *Farmer v. Brennan*, 511 U.S. 825 (1994)[3]. The complaint does not allege deliberate indifference on the part of Defendant Scott. It is well settled that negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient).

Also, allegations of negligent medical care does not qualify as deliberate indifference. *Id.* at 695-96. A medical malpractice claim "does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Notably, as well, any allegations of inadequate medical care are not directed at any named defendant. Therefore, with regard to allegations related to inadequate medical care, Plaintiff fails to state a claim on which relief may be granted.[4]

Additionally, Defendant Metts should be dismissed because Plaintiff is bringing suit against him because he is a supervisor, manager, or somehow allegedly responsible for other correctional

---

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375, *3 (D.S.C. Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan,* 511 U.S. 825 (1994), are applicable in Plaintiff's case.

[4] Likewise, as to any other claims of unconstitutional conditions of confinement, Plaintiff's allegations are inadequate to state a claim, and he fails to direct his allegations against a named defendant.

7

officers employed at the Lexington County Detention Center. However, the doctrines of vicarious liability and respondeat superior are not generally applicable in § 1983 actions. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Plaintiff makes no factual allegations against Defendant Metts to indicate his authorization or indifference. Based on the facts alleged in this lawsuit, liability cannot be imposed on Defendant Metts in his individual capacity on the basis of actions taken by other law enforcement officials. Furthermore, Defendant Metts in his official capacity is subject to dismissal. In South Carolina, a sheriff is an agent of the State. *Gulledge v. Smart*, 691 F.Supp. 947, 954-55 (D.S.C. 1988) (discussing county sheriffs as agents of the State of South Carolina), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff in his official capacity is a suit against South Carolina). As an agent of the State, Defendant Metts in his official capacity is immune from suit under the Eleventh Amendment to the United States Constitution which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort Cnty.*, 481 F.Supp.2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.").

Recommendation

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 15, 2011  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).